# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN J. DONELL, Permanent Receiver for Learn Waterhouse, Inc, its subsidiaries and affiliates,<br><br>Plaintiff,<br>vs.<br><br>SAMUEL PHILLIPS and CAROLYN PHILLIPS,<br><br>Defendants. | CASE NO. 11CV0938-LAB (MDD)<br><br>**ORDER REQUIRING DEFENDANTS TO CLARIFY THEIR FILING** |

On August 29, 2011, Defendants Samuel and Carolyn Phillips, proceeding *pro se*, submitted a document styled "Affidavit of Truth" for filing. This document is being accepted for filing by separate discrepancy order. The Affidavit requests dismissal of the complaint as frivolous, arguing that Defendants already reached a settlement with an earlier receiver for Learn Waterhouse, Inc. (Affidavit, ¶ 8.) At the same time, the Affidavit stresses that the Phillipses are not making a general appearance, and object to the Court's exercise of personal jurisdiction over them. (*Id.*, ¶¶ 1, 4.)

Even liberally construing the Affidavit, *see Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir.1987), it is unclear what this document is supposed to be. Of the possible pleadings or motions, *see* Fed. R. Civ. P. 7, the Affidavit is most similar to either an Answer (raising the defense of release, or accord and satisfaction, *see* Fed. R. Civ. P. 8(c)), or a Motion to

1 Dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. But construing the
2 Affidavit as either of these would be inconsistent with the Affidavit's expression of intent to
3 challenge personal jurisdiction. *See* Fed. R. Civ. P. 12(h)(1) (providing that defenses,
4 including challenges to personal jurisdiction, are waived if omitted from a responsive
5 pleading or a Rule 12(b)(6) motion), 12(b) (requiring that a motion challenging personal
6 jurisdiction must be made before pleading).

7 While the Affidavit expresses the intention to challenge personal jurisdiction, it cannot
8 reasonably be construed as a motion to dismiss for lack of personal jurisdiction or, in the
9 alternative, for failure to state a claim. *See* Fed. R. Civ. P. 12(b) (permitting these
10 challenges to be joined in one motion). The Affidavit includes no details, argument,
11 evidence, or authority that would support a motion to dismiss for lack of personal jurisdiction.

12 In short, the Phillipses could either make a personal appearance (waiving objections
13 to personal jurisdiction) and defend the case on the merits, or they may challenge personal
14 jurisdiction. If they challenge personal jurisdiction, Rule 12(b) permits them to also bring
15 certain other challenges at the same time. What they cannot do, however, is what the
16 Affidavit seeks to do: to defend on the merits without challenging personal jurisdiction, and
17 at the same time retain the right to challenge personal jurisdiction later.

18 Two more issues are apparent from the pleading. First, ¶ 3 of the Affidavit suggests
19 the Phillipses believe the Court has some duty to act as their advocate or otherwise to
20 advance their interests. It speaks of the Court having a "public trust responsibility . . . to
21 protect our rights and work on our behalf as beneficiaries of the Trust." To be clear, the
22 Court is neutral in disputes between the litigants. "It is not the Court's role to serve as an
23 advocate for any party, even one proceeding *pro se.*" *Ybarra v. Martel*, 2011 WL 613380,
24 slip op. at *1 (S.D.Cal., Feb. 11, 2011). While the Court construes their pleadings liberally,
25 *Eldridge*, 832 F.2d at 1137, it cannot plead their case or make litigation decisions for them.
26 It is the Phillipses' own responsibility to make decisions such as what challenges (if any) to
27 raise to the complaint, whether to challenge personal jurisdiction, and the like. If they want
28 / / /

1  the Court to act, it is also their responsibility to file motions explaining what they want the
2  Court to do, and why the Court should grant their motion.  Fed. R. Civ. P. 7(b).
3       Second, the Phillipses appear to identify themselves as some kind of trust or other
4  entity, and also identify themselves as trustees of such trusts.  References to this are made
5  in the Affidavit's preamble, its numbered paragraph 2, and the attached "Commercial
6  Affidavit Oath and Verification."  To be clear, the Complaint names the Defendants as
7  Samuel Phillips and Carolyn Phillips, as individuals, (Compl., ¶ 15) and not as trusts or any
8  other entities, nor as trustees.
9       If Defendants Samuel and Carolyn Phillips wish to have the Affidavit considered by
10 the Court as either an answer to the complaint, or a motion to dismiss, or some other kind
11 of pleading or motion, they shall file a notice explaining how they would like the Court to
12 construe the Affidavit. The notice may only ask the Court to construe it as an answer, as a
13 motion to dismiss, or as some other kind of motion (specifically explaining what kind, and
14 identifying the relevant rule or rules under which it is brought).  If they wish, they may instead
15 file a notice of withdrawal, explaining that they would like to withdraw the Affidavit.  Any
16 notice they file must be signed by both of them.  They must file their notice within **21**
17 **calendar days of the date this order is issued**.  If they fail to do so within the time
18 permitted, or if the notice is unclear or not in compliance with this Order, the Court will
19 construe the Affidavit as the Phillipses' answer to the complaint.
20       **IT IS SO ORDERED**.
21 DATED: September 12, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge